# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES EARL BREWSTER, #664663,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-2355-N** |
| | ) | **ECF** |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Rather than submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Petitioner filed a motion seeking leave to file a federal habeas petition "with extension of time" on December 20, 2006.[1]

The Court cannot interpret Petitioner's motion as commencing a habeas corpus action. Rule 2(c) and (d) of the Rules Governing Section 2254 Cases provides that an application for writ of habeas corpus shall be in the form of a petition, which specifies each ground for relief

---

[1]     Petitioner neither paid the filing fee nor submitted a motion for leave to proceed *in forma pauperis*.  In light of the unusual posture of this case, the Court takes judicial notice that within the past year  he has been granted leave to proceed *in forma pauperis*.  *See Brewster v. Quarterman*, 3:06cv0224 (N.D. Tex.).

that is available to the petitioner and the factual basis for each ground for relief. Petitioner's motion only requests an unspecified extension of time to file a federal habeas petition and, thus, cannot be construed as the habeas corpus petition itself. Moreover, it is unclear which conviction he wishes to challenge and what grounds he wishes to raise.[2]

Liberally construed Petitioner's motion requests an extension of the one-year statute of limitations. See 28 U.S.C. § 2244(d).[3]

Petitioner's motion for an extension of time of the one-year statute of limitations fails to present a case or controversy. *See Juidice v. Vail*, 430 U.S. 327, 331 (1977) (presenting a justiciable case or controversy is a jurisdictional requirement which the court has an obligation to examine *sua sponte*); *see also U.S. v. One 18th Century Colombian Monstrance*, 797 F.2d 1370, 1374 (5th Cir. 1986); *United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court). Federal courts do not "'sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them].'" *Cook*, 795 F.2d at 994 (quoting *Princeton University v. Schmid*, 455 U.S. 100, 102 (1982)); *see also North*

---

[2]    The petition merely refers to appeal No. 05-04-01195-CR in which the Court of Appeals recently affirmed the denial of Petitioner's motion for DNA testing with respect to his 1980 conviction for sexual abuse of a child in No. F79-09122-I, which had resulted in an eleven-year sentence. *Brewster v. State*, No. 05-04-01195-CR (Tex. App. -- Dallas, Apr. 18, 2006), for docket sheet information, *see* http://www.courtstuff.com/FILES/05/04/05041195.HTM. This Court has previously dismissed a habeas corpus petition challenging No. F79-09122-I for want of jurisdiction because Petitioner, having fully served his eleven-year sentence in No. F79-09122-I, can no longer satisfy the "in custody" requirement. *See Brewster v. Director*, No. 3:04-CV-1468-K (N.D. Tex. Sep. 11, 2006). An appeal is presently pending before the Fifth Circuit. *See* No. 06-11083.

[3]    The Court does not express any opinion as to the timeliness or untimeliness of the petition which Petitioner is proposing to file at a later date.

*Carolina v. Rice*, 404 U.S. 244, 246 (1971) (a federal court does not have the power "to decide questions that cannot affect the rights of litigants in the case before them.").

Petitioner is requesting an advisory opinion.  There is no adverse party before this Court. Nor is there a concrete dispute for this Court to decide.  The motion for extension of time in essence asks the Court to determine in advance whether a habeas petition will be timely or time-barred, if it is filed at some unspecified date in the future.  This Court cannot grant the relief requested without offending the Constitution's case or controversy requirement.  *See Hernandez v. Dretke*, No. 3:05cv1294-D (N.D. Tex., Dallas Div., Aug. 4, 2005) (denying Petitioner's motion seeking extension of time to file federal habeas petition for want of jurisdiction).

<u>RECOMMENDATION</u>:

For the foregoing reasons, it is recommended that Petitioner's motion for an extension of time to file a federal habeas corpus petition be DISMISSED for want of jurisdiction.

A copy of this recommendation will be mailed to Petitioner.

Signed this 8th day of January, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district

3

judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.